# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY BURGESS,<br><br>   Plaintiff,<br> v.<br>F.B.O.P., et al,<br><br>   Defendants.       / | CASE NO. 1:12-cv-01817-GBC (PC)<br><br>ORDER TRANSFERRING CASE TO THE<br>WESTERN DISTRICT OF TENNESSEE |

  Plaintiff is a federal prisoner proceeding pro se pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

  The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

  In this case, the claims alleged arose in Shelby County, which is in the Western District of Tennessee.[1] In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. Therefore, Plaintiff's claim should have been filed in the United States District Court for the Western District of Tennessee. In the interest of justice, a federal court may transfer a

---

[1] Although Plaintiff includes the warden in California in his list of defendants, he makes no allegations against any defendants in California, and all of Plaintiff's allegations are against the defendants in Tennessee.

Page 1 of 2

complaint filed in the wrong district to the correct district. *See* 28 U.S.C. § 1406(a); *Starnes v. McGuire*, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Western District of Tennessee.

IT IS SO ORDERED.

Dated: November 13, 2012

UNITED STATES MAGISTRATE JUDGE